STATE OF ALASKA<br>
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT<br>
DIVISION OF INSURANCE<br>
JUNEAU, ALASKA

RECEIVED

CERTIFICATE OF SERVICE

AUG 3 0 2012

LAW DEPT.

I, Bret S. Kolb, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS AND NOTICE OF JUDICIAL ASSIGNMENT, VERIFIED COMPLAINT FOR DECLARATORY JUDEMENT, DEMAND FOR JURY TRIAL AND EXHIBIT 1 IN THE SUPERIOR COURT FOR THE STATE OF ALASKA FIRST JUDICIAL DISTRICT AT KETCHIKAN,

CHRISARA, LLC, AN ALASKA LIMITED LIABILITY
COMPANY; AND JOERGEN SCHADE,

VS.

MARKEL AMERICAN INSURANCE
COMPANY, A VIRGINIA CORPORATION,

CASE NO. 1KE-12-385 CI

and that I have accepted, on your behalf, the above service, as received through the U.S. Mail in Juneau, Alaska, on the 24TH DAY OF AUGUST, 2012.

In accordance with the provisions of AS 08.18.081, one copy of the document together with my certification is forwarded to you:

MARKEL AMERICAN INSURANCE COMPANY, A VIRGINIA CORPORATION,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document served.

*Bret S. Kolb*

Bret S. Kolb<br>
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Stacie Estevez
Phone (907) 465-2515



IN TESTIMONY WHEREOF
I have hereunto set my
hand and affixed my official
seal, at Juneau, Alaska this
24TH DAY OF AUGUST, 2012.

H. Clay Keene
Alaska Bar No: 7610110
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: clay.keene@keenecurrall.com
Attorneys for Chrisara, LLC

RECEIVED

AUG 16 2012

DIVISION OF INSURANCE
ANCHORAGE OFFICE

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### FIRST JUDICIAL DISTRICT AT KETCHIKAN

| | |
|---|---|
| CHRISARA, LLC, an Alaska limited liability Company; and JOERGEN SCHADE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MARKEL AMERICAN INSURANCE COMPANY, a Virginia corporation, | ) ) ) |
| Defendant. | ) ) ) ) |

Case No. 1KE-12-385 CI

## SUMMONS AND NOTICE OF JUDICIAL ASSIGNMENT

TO:    **Bret S. Kolb, Director**
       **Alaska Division of Insurance**
       **Robert B. Atwood Building**
       **550 7th Avenue, Suite 1560**
       **Anchorage, Alaska 99501-3597**

YOU ARE HEREBY SUMMONED and required to file with the Court a written answer to the Complaint which accompanies this summons. Your answer must be filed with the Court at 415 Main Street – Room 400, Ketchikan, Alaska 99901, within twenty (20) days after the day you receive this Summons. In addition, a copy of your answer must be sent to the plaintiffs' attorney:

SUMMONS AND NOTICE OF JUDICAL ASSIGNMENT – Page 1 of 2
*Chrisara, LLC et al. v. Markel Am. Ins. Co.*, Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Summons and Notice of Judicial Assignment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

H. Clay Keene, Esq.
Keene & Currall, P.C.
540 Water Street - Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the Complaint.

If you are not represented by an attorney, you must inform the Court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use Court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system website at www.state.ak.us/courts/forms.htm, to inform the Court.

-OR-

If you have attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

To:     The plaintiffs and the defendants

You are hereby given notice that this case has been assigned to Judge _Stephens_____.

_August 13, 2012_                    By: _____
Date                                              Clerk of the Court

SUMMONS AND NOTICE OF JUDICAL ASSIGNMENT -- Page 2 of 2
*Chrisara, LLC et al. v. Markel Am. Ins. Co.*, Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Summons and Notice of Judicial Assignment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

RECEIVED

AUG 16 2012

DIVISION OF INSURANCE
ANCHORAGE OFFICE

1  H. Clay Keene
   AlaskaBar No: 7610110
2  KEENE & CURRALL, P.C.
   540 Water Street, Suite 302
3  Ketchikan, Alaska 99901
   Phone: (907) 225-4131
4  Fax: (907) 225-0540
   E-mail: clay.keene@keenecurrall.com
5  Attorneys for Chrisara, LLC

6              IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

7                  FIRST JUDICIAL DISTRICT AT KETCHIKAN

8

9  CHRISARA, LLC, an Alaska limited liability          )    **FILED in the Trial Courts**
   Company; and JOERGEN SCHADE,                        )    **State of Alaska First District**
                                                       )    **at Ketchikan**
10              Plaintiffs,                             )
                                                       )    **AUG 13 2012**
11       v.                                            )
                                                       )    Clerk of the Trial Courts
12                                                     )
                                                       )    By _____ Deputy
13 MARKEL AMERICAN INSURANCE                           )
   COMPANY, a Virginia corporation,                    )
14                                                     )    Case No. 1KE-12-____ CI
                Defendant.                             )
15                                                     )
                                                       )
16 _____             )

           VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

17         COMES NOW the plaintiffs, Chrisara, LLC, an Alaska limited liability company, and

18 Joergen Schade, a resident of the State of Washington, by and through their attorney, H. Clay

19 Keene of the law firm of Keene & Currall. P.C., and bring this civil action against the

20 defendant, and allege as follows:

21

22                                    **I.**
                                 **Introduction**

23         1.    This is primarily a civil action for declaratory relief seeking a declaration from

24 this Court of the rights and obligations of the defendant, Markel American Insurance Company,

25 a foreign corporation, with its principal place of business located in the State of Virginia,

**COMPLAINT FOR DECLARATORY JUDGMENT – Page 1 of 9**
*Chrisara, LLC et al. v. Markel Am. Ins. Co.,* Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

referred to herein as either Markel or the defendant, under a policy of "all risk marine insurance" No. YH 5034185-67, issued to the plaintiffs, Chrisara, LLC and Joergen Schade, which the plaintiffs allege herein the defendant breached the terms and conditions of said policy and, by doing so, acted in bad faith.

## II.
## Parties

2.    The plaintiff, Chrisara, LLC, is an Alaska limited liability company organized and doing business in the State of Alaska, and at all times relevant to this civil action was and is currently in good standing, having paid its biennial tax last due and filed its biennial report for the last reporting period; and the plaintiff, Joergen Schade, was at all times relevant to the plaintiffs' civil action, a resident of the State of Washington, and the sole member of the Alaska limited liability company, Chrisara, LLC, which at all times relevant to this civil action was doing business exclusively within the State of Alaska.

3.    The defendant is a foreign corporation, and for purposes of this Complaint, was engaged in the business of marine insurance that occurred for purposes relevant to this civil action within the State of Alaska.

## III.
## Jurisdiction and Venue

4.    This Court has subject matter jurisdiction pursuant to AS § 22.10.020(g); and the Savings to Suitors Clause of 28 USCS § 1333(1).

5.    This Court has personal jurisdiction over the defendant pursuant to AS § 09.05.015(a)(10)(A).

6.    Venue in the First Judicial District is proper under AS § 22.10.030 and Ak. R.

**COMPLAINT FOR DECLARATORY JUDGMENT** – Page 2 of 9
*Chrisara, LLC et al. v. Markel Am. Ins. Co.,* Case No. 1KE-12-____ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

Civ. P. 3(e).

## IV.
## Marine Insurance Policy

7.  The plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 6 as though fully set forth herein.

8.  The defendant issued a marine insurance policy to the plaintiffs, with an effective date of April 15, 2011, which was designated as Policy Number YH 5034185-67, a true and correct copy of which has been attached to this Complaint as **Exhibit 1**, and herein referred to as the "Insurance Policy."

9.  The Insurance Policy provided property insurance coverage for the yacht, CHRISARA, a 2004 Nordic Tug (Official No. 1152344), in the amount of $500,000.00 in the event of a total loss or constructive total loss. Under the property coverage portion of the Insurance Policy, Markel agreed to pay for sudden accidental direct physical loss or damage to the insured yacht unless the cause of loss was excluded by the terms of the Insurance Policy.

10.  The Insurance Policy also provided personal property coverage, oil pollution liability coverage, and coverage for reasonable expenses incurred in recovering or protecting the vessel from further loss.

11.  The Declaration Page of the Insurance Policy provided the yacht would be laid up afloat during the entire policy period.

12.  The Insurance Policy contained use restrictions, which suspended coverage if the insured was in violation. One restriction defines what is meant by the policy term 'lay-up.' Paragraph 5 of the "Use of your Yacht" section provides, if lay-up is shown on the Declaration Page, "the insured yacht must be in a safe berth for storage and the insured yacht may not be

**COMPLAINT FOR DECLARATORY JUDGMENT** – Page 3 of 9
*Chrisara, LLC et al. v.Markel Am. Ins. Co.,*Case No. 1KE-12- ___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

operated except as required to change berths within the immediate berthing location." There was no requirement that the yacht be properly winterized, although the policy did require proper winterization when vessels were laid up ashore.

13. The Insurance Policy had an endorsement which added an exclusion for loss or damage caused by or resulting from ice or freezing.

## V.
## Statement of Facts Related to Claims

14. The plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 13 as though fully set forth herein.

15. At all relevant times during the policy period, the CHRISARA was safely moored to a dock in Ward Cove and had not been operated, as it had been taken out of commission as a yacht charter vessel. The Ward Cove dock is a safe berth for storage.

16. The plaintiffs contracted with Fritz Peters to act as caretaker of the CHRISARA while it was laid up and out of commission.

17. In the days leading up to January 22, 2012, the weather in the Ketchikan area was unusually severe. The wind gusted to 26 knots and the temperature dropped to zero.

18. Fritz Peters installed a 1500 watt heater in the engine room of the CHRISARA, but did not close or block off the engine room air vents. He also did not close the seacock (a thru-hull valve at the bottom of the yacht) which allows sea water to enter a hose leading to a plastic sea strainer and the main engine.

19. On the morning of January 22, 2012, the CHRISARA partially sank while tied to the dock and spilled some fuel into the water.

20. Fritz Peters immediately contacted the U.S. Coast Guard and State of Alaska

**COMPLAINT FOR DECLARATORY JUDGMENT** – Page 4 of 9
*Chrisara, LLC et al. v.Markel Am. Ins. Co.*,Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

Department of Environmental Conservation, and arranged to refloat the vessel and abate and contain the fuel spill.

21.     The vessel was refloated, but was so severely damaged it was a constructive total loss, as that term is defined in the Insurance Policy.

22.     On or about January 23, 2012, the plaintiffs gave notice to the defendant of the constructive loss of the CHRISARA.

23.     Markel retained Sepal and Son Marine Surveying, Inc., a marine surveying company, to investigate the loss.

24.     On January 25, 2012, Todd Sharp of Sepal and Son Marine Surveying, Inc., surveyed the CHRISARA. He concluded the severe low temperatures caused the sea water in the plastic sea strainer to freeze and fracture the strainer. When the temperature warmed, the ice thawed and sea water poured into the boat through the open seacock at the bottom of the boat, thereby sinking it. Markel's expert stated the failure to close the seacock was the "root cause" of the loss.

25.     Had the seacock been closed, the damage would have been limited to the plastic sea strainer, as to which the plaintiffs make no claim. The small amount of water in the hose leading from the seacock to the main engine would have drained harmlessly into the bilge and the yacht would not have sunk.

26.     The sinking of the yacht was a sudden, accidental loss to the CHRISARA at a time when the plaintiffs fully complied with the defined lay-up terms of the Insurance Policy. The dominant, root, and efficient cause of the loss was that the seacock was left open, which is not an excluded cause under the Insurance Policy, attached hereto as **Exhibit 1**.

COMPLAINT FOR DECLARATORY JUDGMENT – Page 5 of 9
*Chrisara, LLC et al. v.Markel Am. Ins. Co.,*Case No. 1KE-12-____ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

27. The plaintiffs made demand on the defendant for the payment under the Insurance Policy of the constructive loss of the CHRISARA, in the amount of $500,000.00 and for other losses.

28. On or about April 16, 2012, the defendant denied the plaintiffs' claims on the grounds that the ice exclusion precluded coverage for the property loss and breach of the usage restriction suspended coverage for all losses otherwise covered under the Insurance Policy.

29. Under AS § 21.36.096 and other laws, an insurer may not deny a claim if a risk insured against is the dominant cause of the loss, even where an excluded risk is also in the chain of causes.

30. The defendant's denial and refusal to pay the plaintiffs for the constructive total loss of the CHRISARA in the amount of $500,000.00, less any salvage value, and for its other losses is a breach of the Insurance Policy and its obligations under statutory and tort law.

## VI.
### First Claim for Relief
### Declaratory Relief-Applicable Law, Actual Controversy

31. The plaintiffs incorporate by reference the allegations as set forth in paragraphs 1 through 30 as though fully set forth herein.

32. This is a case of actual controversy within the jurisdiction of this Court. The Court has the authority to declare the rights and other legal relationships of any interested party seeking such declaration under AS § 22.10.020(g).

33. The defendant's denial of coverage is wrongful, and is a breach of the applicable marine insurance as the loss is covered under the Insurance Policy, attached hereto as **Exhibit 1.**

COMPLAINT FOR DECLARATORY JUDGMENT – Page 6 of 9
*Chrisara, LLC et al. v.Markel Am. Ins. Co.,*Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

## VII.
### Second Claim for Relief
### Breach of Contract

34.　The plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.　The defendant breached its Insurance Policy contract with the plaintiffs, in that:

　　　a.　The defendant failed to provide its insured, the plaintiffs, with coverage for the losses resulting from the constructive loss of the CHRISARA, and other damages incurred on January 22, 2012; and

　　　b.　as a direct and proximate result of the defendant's breach of the Insurance Policy, the plaintiffs have sustained substantial losses and damages exceeding $500,000.00, the exact amount of which shall be proven at trial.

## VIII.
### Third Claim for Relief
### Bad Faith Tort Liability

36.　The plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37.　The defendant's failures, conduct, and omissions, as described herein and referred to in this Complaint, constitute a breach of the covenant of good faith and fair dealing that the defendant owed to the plaintiffs, and such actions and conduct constitute tortuous bad faith and misconduct.

38.　As a direct and proximate result of the defendant's bad faith and misconduct, the plaintiffs have incurred substantial losses and damages in an amount in excess of $500,000.00, the exact amount of which will be proven at trial.

COMPLAINT FOR DECLARATORY JUDGMENT – Page 7 of 9
*Chrisara, LLC et al. v. Markel Am. Ins. Co.,* Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

## IX.
### Fourth Claim for Relief
### Violation of Alaska Unfair Claims Settlement Practices Act, AS § 21.36.125

39.    The plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.    Under the Alaska Unfair Settlement Claims Practices Act, AS § 21.36.125, an insurer must comply with certain principles in handling insurance claims or be in violation of the Act.  The violation of the Act gives rise to a private cause of action.

41.    The defendant's failure to timely adjust, investigate, and fairly determine the merits of the plaintiffs' claim are in violation of the Act.

42.    As a direct and proximate result of the defendant's misconduct and violations of the act, the plaintiffs have sustained damages in excess of $500,000.00, the exact amount of which will be proven at trial.

## X.
### Fifth Cause of Action
### Punitive Damages

43.    The plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 42 as though fully set forth herein.

44.    The defendant's conduct in denying coverage to the plaintiffs under the Insurance Policy was malicious, wanton, and with reckless disregard to the rights of the plaintiffs, and the consequences of such denial entitle the plaintiffs to punitive damages in such amount as allowed by law.

### Prayer for Relief

Wherefore, the plaintiffs pray that this Court enter judgment in its favor, declaring that:

COMPLAINT FOR DECLARATORY JUDGMENT – Page 8 of 9
*Chrisara, LLC et al.  v. Markel Am. Ins. Co.*, Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

A.     The plaintiffs are entitled to coverage under the Insurance Policy for the constructive loss of the CHRISARA, that were incurred on January 22, 2012, as more particularly described herein.

B.     The defendant breached the Insurance Policy, which has been attached to this Complaint as **Exhibit 1**.

C.     The defendant breached the covenant of good faith and fair dealing implied in the Insurance Policy, **Exhibit 1**, hereto.

D.     The defendant violated the Alaska Unfair Claims Settlement Practices Act.

E.     The defendant's conduct in denying the plaintiffs coverage under the Insurance Policy entitles the plaintiffs to an award of punitive damages.

F.     The plaintiffs be awarded judgment in such amounts to which they are entitled for compensatory damages as may be proven at trial.

G.     The plaintiffs be awarded pre- and post-judgment interest and their costs and attorney's fees incurred in prosecuting this action.

H.     The Court grant any other relief it deems appropriate.

Dated at Ketchikan, Alaska this 13th day of August 2012.

KEENE & CURRALL, P.C.
Attorneys for the plaintiffs

By _____
H. Clay Keene
Alaska Bar No: 7610110

COMPLAINT FOR DECLARATORY JUDGMENT – Page 9 of 9
*Chrisara, LLC et al. v.Markel Am. Ins. Co.,*Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Complaint for Declaratory Judgment.doc



**The Helmsman Yacht Policy**
Markel American Insurance Company
Glen Allen , VA
Renewal

RECEIVED

AUG 16 2012

DIVISION OF INSURANCE
ANCHORAGE, AK

Effective Date:
04/15/2011

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | To: 04/15/2012 | 252002 |

| Name and Address of Insured: | Agency Name and Address: |
|---|---|
| CHRISARA, LLC<br>JOERGEN SCHADE<br>P. O. BOX 496<br>FALL CITY, WA 98024 | MARINERS GENERAL INS GROUP<br>1115 N NORTHLAKE WAY #200<br>SEATTLE, WA 98103 |

**Policy Period:** From 12:01 AM Standard Time on the date shown above at your Mailing Address shown above

In return for the payment of the premium and subject to all the terms of this policy, **we** agree with **you** to provide insurance as stated in this policy.

| Description of Yacht: | Yacht will be moored/berthed at: | KETCHIKAN, AK 99901 | | | | |
|---|---|---|---|---|---|---|
| Hull ID Number:<br>NTK42052B404 | Name:<br>CHRISARA | Year<br>2004 | Length<br>42 ft. | Manufacturer<br>NORDIC TUG | Type<br>Trawler | Total Horsepower<br>450 HP |

Navigating Limits while afloat:

See Policy Changes

Lay Up:The boat will be laid up AFLOAT from 4/15 to 4/14.

| Coverage | Limit of Insurance*<br>(if applicable) | Deductible<br>(if applicable) | Premium |
|---|---|---|---|
| HULL | $500,000.00 | $10,000.00 | $4,483.00 |
| TENDER | $6,000.00 | $500.00 | $120.00 |
| PERSONAL PROPERTY | $2,500.00 | $250.00 | INCLUDED |
| BOAT TRAILER | $0.00 | $0.00 | $0.00 |
| RENTAL REIMBURSEMENT | $1,000.00 | | INCLUDED |
| EMERGENCY TOWING AND ASSISTANCE (AGGREGATE) | $750.00 | | INCLUDED |
| PROTECTION AND INDEMNITY | $1,000,000.00 | | $187.00 |
| LONGSHORE & HARBOR WORKERS' COMPENSATION | INCLUDED | | INCLUDED |
| OIL POLLUTION LIABILITY | $800,000.00 | | INCLUDED |
| MEDICAL PAYMENTS | $10,000.00 | | INCLUDED |
| UNINSURED AND UNDERINSURED BOATER | $500,000.00 | | |

| | | |
|---|---|---|
| Total: Premium for Endorsements from Page 2: | | $0.00 |
| Total: Premium: | | $4,790.00 |

* This policy explains how the Limits of Insurance apply.

**EXHIBIT** ____1____
Page __1__ of __9__ Page(s)

YH7500-0904

The Helmsman Yacht Policy

3/17/2011 Page 1 of 3

| Policy Number | | Policy Period | | Agency Number |
|---|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | | To: 04/15/2012 | 252002 |
| Name of Insured: | CHRISARA, LLC | | Effective: | |

FORMS AND ENDORSEMENTS: The following form(s) are part of this policy on effective date shown:

| Form Number | Title | Effective | Premium* |
|---|---|---|---|
| YH7300-0904 | THE HELMSMAN YACHT POLICY | 04/15/2011 | INCLUDED |
| YH7328-0904 | AUTOMATIC FIRE EXTINGUISHER REQUIREMENT | 04/15/2011 | $0.00 |
| YH7331-0904 | ALASKA ATTORNEY FEES | 04/15/2011 | $0.00 |
| YH7305-0904 | EXCLUSION - ICE OR FREEZING | 04/15/2011 | $0.00 |
| YH7318-0904 | POLICY CHANGES | 04/15/2011 | $0.00 |
| YH7314-0904 | DEDUCTIBLE CHANGES - MARINE ELECTRONICS | 04/15/2011 | $0.00 |
| | | Total Premium for Endorsements: | $0.00 |

* Wherever a premium is shown as 'INCLUDED', the coverage is included with the Premium for another coverage.

### TENDER, TRAILER AND/OR OUTBOARDS:
2004 APEX 10' HIN:A9CA10RIB-CE0062 ($3,500) + 2004 15HP HONDA O/B, SER: 1003205 ($2,500).

Countersigned on: 3/17/2011       by: _____       at: _SEATTLE_

*Authorized Representative*

In Witness Wherof, we have executed this policy, which shall not be valid unless countersigned by our duly authorized representative.

Linda Sickman Rotz
Secretary

T. Tamraz Grove
President

EXHIBIT _____1_____
Page __2__ of __9__ Page(s)

YH7500-0904                    The Helmsman Yacht Policy                    3/17/2011 Page 2 of 3

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | To: 04/15/2012 | 252002 |
| Name of Insured: | CHRISARA, LLC | Effective: | |

**Privacy Policy**

We'd like to thank you for your business and let you know we respect your privacy and we are committed to protecting your personal information. Please read this notice, which outlines our privacy policies and practices.

We collect nonpublic information about you from the following sources:

- Information we received from you on applications or other forms such as your name and address.
- Information about your transactions with us, and our affiliates, or others.
- Information we receive from a consumer-reporting agency.

We do not disclose any nonpublic information about our customer's former customers to anyone, except as permitted by law.

We may disclose nonpublic personal information about you to the following types of third parties:

- Insurance agents and/or brokers that you have chosen to work with.
- Non-affiliated third parties as permitted by law to provide services you have requested.

We restrict access to nonpublic information about you to those employees who need to know that information to provide service to you. We maintain physical, electronic and procedural safeguards that comply with the federal standards to guard your nonpublic personal information.

EXHIBIT ____1____

Page __3__ of __9__ Page(s)

YH7500-0904                    The Helmsman Yacht Policy                    3/17/2011 Page 3 of 3

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 From: 04/15/2011 | | To: 04/15/2012 | 252002 |
| Name of Insured: CHRISARA, LLC | | Effective: 04/15/2011 | |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## AUTOMATIC FIRE EXTINGUISHER REQUIREMENT

This endorsement modifies insurance provided under the following:

THE HELMSMAN YACHT POLICY

The following condition is added to the policy:

You agree that the insured yacht is equipped with a built-in fire extinguishing apparatus, properly installed in the engine room and maintained in good and efficient working order; and the tanks of said system shall be weighed and recharged, if necessary, at least once every year.

All other terms, conditions, and limitations of the policy remain unchanged.

EXHIBIT _____1_____

Page___4___of___9___Page(s)

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | To: 04/15/2012 | 252002 |
| Name of Insured: CHRISARA, LLC | | Effective: 04/15/2011 | |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ALASKA ATTORNEY FEES ENDORSEMENT

This endorsement modifies insurance provided under the following:

THE HELMSMAN YACHT POLICY

THIS ENDORSEMENT LIMITS THE MAXIMUM AMOUNT WE WILL PAY FOR ATTORNEY FEES UNDER ALASKA RULE OF CIVIL PROCEDURE 82.

All Coverage Parts included in this policy are modified by the following:

In any suit in Alaska in which we have a right or duty to defend an insured in addition to the limits of liability, our obligation under the applicable coverage to pay attorney fees taxable as costs against the "insured" is limited as follows:

Alaska Rule of Civil Procedure 82 provides that if you are held liable, some or all of the attorney fees of the person making a claim against you must be paid by you. The amount that must be paid by you is determined by Alaska Rule of Civil Procedure 82. We provide coverage for attorney fees for which you are liable under Alaska Rule of Civil Procedure 82 subject to the following limitation:

We will not pay that portion of any attorney fees that is in excess of fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the limit of liability of the applicable coverage.

This limitation means the potential costs that may be awarded against you as attorney fees may not be covered in full. You will have to pay any attorney fees not covered directly.

For example, the attorney fees provided by the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) are:

20% of the first $25,000 of a judgment;
10% of the amounts over $25,000 of a judgment.

Therefore, if a court awards a judgment against you in the amount of $125,000, in addition to that amount you would be liable under Alaska Rule of Civil Procedure 82(b)(1) for attorney fees of $15,000, calculated as follows:

20% of $25,000.................................$5,000
10% of $100,000..............................$10,000

Total Award $125,000..............................Total Attorney Fees $15,000

If the limit of liability of the applicable coverage is $100,000, we would pay $100,000 of the $125,000 award, and $12,500 for Alaska Rule of Civil Procedure 82(b)(1) attorney fees, calculated as follows:

20% of $25,000.................................$5,000
10% of $75,000................................$7,500

Total Limit of Liability $100,000...................Total Attorney Fees Covered $12,500

EXHIBIT _____ 1 _____
Page __5__ of __9__ Page(s)

YH7331-0904

Markel American Insurance Company

3/17/2011 Page 1 of 2

| Policy Number | YH 5034185-67 | Name of Insured: | CHRISARA, LLC |
|---|---|---|---|

You would be liable to pay, directly and without our assistance, the remaining $25,000 in liability plus the remaining $2,500 for attorney fees under Alaska Rule of Civil Procedure 82 not covered by this policy.

All other terms, conditions, and limitations of the policy remain unchanged.

**EXHIBIT** _____ 1

Page __6__ of __9__ Page(s)

YH7331-0904                    Markel American Insurance Company          3/17/2011 Page 2 of 2

| Policy Number | | Policy Period | | Agency Number |
|---|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | | To: 04/15/2012 | 252002 |
| Name of Insured: | CHRISARA, LLC | | Effective: 04/15/2011 | |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION - ICE OR FREEZING

This endorsement modifies insurance provided under the following:

THE HELMSMAN YACHT POLICY

PROPERTY COVERAGE, 1. Coverage, a. Hull Coverage (including Tenders), item iii. Exclusions - The following apply in addition to the GENERAL EXCLUSIONS is amended by adding the following:

We shall not pay for loss, damage or expense caused by or resulting from ice or freezing. This exclusion does not apply to loss, damage or expense while the **insured yacht** is on land.

All other terms, conditions, and limitations of the policy remain unchanged.

EXHIBIT _____ I _____

Page ___7___ of ___9___ Page(s)

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 From: 04/15/2011 | | To: 04/15/2012 | 252002 |
| Name of Insured: CHRISARA, LLC | | Effective: 04/15/2011 | |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## POLICY CHANGES

This endorsement modifies insurance provided under the following:

    THE HELMSMAN YACHT POLICY

NONE PERMITTED - WARRANTED LAID-UP AND OUT OF COMMISSION "AFLOAT"

All other terms, conditions, and limitations of the policy remain unchanged.

EXHIBIT _____|_____
Page___8___of___9___Page(s)

YH7318-0904                    Markel American Insurance Company           3/17/2011 Page 1 of 1

| Policy Number | Policy Period | | Agency Number |
|---|---|---|---|
| YH 5034185-67 | From: 04/15/2011 | To: 04/15/2012 | 252002 |
| Name of Insured: CHRISARA, LLC | | Effective: 04/15/2011 | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## DEDUCTIBLE CHANGES - MARINE ELECTRONICS

This endorsement modifies insurance provided under the following:

THE HELMSMAN YACHT POLICY

| SCHEDULE |
|---|
| Marine electronics deductible: $500 |

PROPERTY COVERAGE, 2 Loss Conditions, d. Deductibles, item i. is amended by adding the following:

The amount shown in the above schedule is the deductible applicable to **marine electronics** for all covered causes of loss except theft without evidence of forced removal or forced entry. If the above conditions are not met, the deductible shown for 'Hull' on the Declarations Page applies.

DEFINITIONS is amended by adding the following:

Theft means any act of stealing.

All other terms, conditions, and limitations of the policy remain unchanged.

EXHIBIT ———— I
Page _9_ of _9_ Page(s)

YH7314-0904            Markel American Insurance Company            3/17/2011 Page 1 of 1

H. Clay Keene
Alaska Bar No: 7610110
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: clay.keene@keenecurrall.com
Attorneys for Chrisara, LLC

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FIRST JUDICIAL DISTRICT AT KETCHIKAN

CHRISARA, LLC, an Alaska limited liability Company; and JOERGEN SCHADE,

    Plaintiffs,

v.

MARKEL AMERICAN INSURANCE COMPANY, a Virginia corporation,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED in the Trial Courts
State of Alaska First District
at Ketchikan

**AUG 1 3 2012**

Clerk of the Trial Courts

By _____
               Depu

Case No. 1KE-12-385 CI

## DEMAND FOR JURY TRIAL

    COMES NOW the plaintiffs, Chrisara, LLC, an Alaska limited liability company and

Joergen Schade, a resident of the State of Washington, by and through their attorney, H. Clay

Keene of the law firm of Keene & Currall. P.C., and pursuant to Alaska Civil Rule 38(b), hereby

demand a trial by jury in the above-entitled cause of action.

    Dated at Ketchikan, Alaska this 13th day of August, 2012.

                        KEENE & CURRALL
                        Attorneys for the plaintiffs

                        By _H. Clay Keene_
                            H. Clay Keene
                            Alaska Bar No: 7610110

DEMAND FOR JURY TRIAL – Page 1 of 1
*Chrisara, LLC et al. v. Markel Am. Ins. Co.*, Case No. 1KE-12-___ CI
hck\Schade, Joergen (28.513.B) Insurance-Bad Faith\Pleadings\Demand for Jury Trial.doc

Case 5:12-cv-00005-TMB   Document 1-1   Filed 09/14/12   Page 22 of 22   Exhibit 1 Page 22